UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORN,

       Plaintiff,

v.

       Case No. 11-15216
       Honorable Patrick J. Duggan

PATRICIA CARUSO, KAREN SUE
MALICOAT, R.N., DR. GEORGE
PRAMSTALLER, DR. ZAKIUDDIN A.
KHAN, CORRECTIONAL MEDICAL
SERVICES, PRISON HEALTH SERVICES,
INC., JOHN DOE, JANE DOE, and
RUSSELL MALICOAT,

       Defendants.
_____/

### OPINION AND ORDER DENYING DEFENDANTS PRISON HEALTH SERVICES, INC.'S AND DR. ZAKIUDDIN A. KHAN'S MOTION TO DISMISS

On November 28, 2011, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. On February 17, 2012, Defendants Corizon Health Services, Inc., formerly Prison Health Services, Inc. ("PHS"), and Dr. Zakiuddin A. Khan ("Dr. Khan") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter has been referred for all pretrial matters to Magistrate Judge R. Steven Whalen.

On August 15, 2012, Magistrate Judge Whalen issued a Report and Recommendation (R&R) in which he recommends that this Court deny PHS' and Dr.

Khan's motion to dismiss. (Doc. 55.) Magistrate Judge Whalen concludes that Plaintiff has stated a viable § 1983 claim against PHS by alleging facts to suggest that PHS has a policy of denying "cardiology care or consultations to inmates."[1] At the conclusion of his R&R, Magistrate Judge Whalen informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 10.) PHS filed objections to the R&R on August 29, 2012.

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

---

[1] In the motion to dismiss, PHS and Dr. Khan do not seek dismissal of Plaintiff's § 1983 claim against Dr. Khan.

PHS asserts three objections to Magistrate Judge Whalen's R&R.

Objection 1

PHS first objects to Magistrate Judge Whalen's consideration of Plaintiff's affidavit, which was attached to his response to PHS' and Dr. Khan's motion to dismiss, to decide the motion. PHS argues that matters outside the pleadings may not be considered when deciding a Rule 12(b)(6) motion.

Sixth Circuit precedent establishes, however, that when a plaintiff proceeds *pro se*, "[t]he court will consider documents filed after the complaint 'as part of the pleadings.'" *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011) (unpublished opinion) (quoting *Flournoy v. Seiter*, 98-3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987)). Thus Magistrate Judge Whalen did not err in considering Plaintiff's affidavit in determining whether he alleged facts sufficient to state a § 1983 claim against PHS.

Moreover, the Sixth Circuit held in *Brown* that a district court must give a plaintiff– particularly a *pro se* plaintiff– the opportunity to amend his or her complaint before dismissing it with prejudice for failing to state a claim upon which relief may be granted. *Id*. at 615-16. Thus even if the Court granted PHS' motion to dismiss, the dismissal would have to have been with leave to amend because Plaintiff demonstrated that he could state a claim for relief against this defendant. *Id*. at 614 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483 (3d ed. 2010)) ("If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss

3

with leave to amend."). Most likely, Plaintiff then would have filed an amended complaint including the facts contained in his affidavit. It certainly is more efficient to simply deny the motion in the first instance.

Objection 2

PHS next argues that Magistrate Judge Whalen "incorrectly recommended that Prison Health Services, Inc. could be vicariously liable for the actions of its employees as to the 42 U.S.C. § 1983 claim." (Obj. at 4.) PHS reads the magistrate judge's R&R as holding PHS vicariously liable for Dr. Khan's actions. This Court does not understand this to be Magistrate Judge Whalen's holding. Rather, the magistrate judge finds that Plaintiff alleges sufficient facts to suggest that PHS maintains a policy to deny proper cardiology care or consultations to inmates. This Court agrees.

Objection 3

Lastly, PHS contends that the magistrate judge incorrectly found facts establishing an official policy based on a single incident, involving a non-supervisory employee. Plaintiff specifically alleges in his Complaint, however, that *PHS* directed its staff to deny Plaintiff's request for follow-up care by a cardiologist despite its awareness of Plaintiff's serious cardiac condition. (Compl. ¶ 42.) The Court agrees with Magistrate Judge Whalen that this allegation is sufficient to enable Plaintiff to state a viable § 1983 claim against PHS.

Summary

For the reasons set forth herein and in Magistrate Judge Whalen's August 15, 2012 R&R, the Court adopts the R&R.

Accordingly,

**IT IS ORDERED**, that Defendants Prison Health Services, Inc.'s and Dr. Zakiuddin A. Khan's motion to dismiss (ECF No. 21) is **DENIED**.

Date: September 17, 2012         s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Leroy Strayhorn, #178167
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

Counsel of Record

Magistrate Judge R. Steven Whalen