UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORN, #178167,

        Plaintiff,

                                      Case No. 11-15216

-vs-                               District Judge Patrick J. Duggan
                                     Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, ET AL.,

        Defendants.

_____ /

## REPORT AND RECOMMENDATION

On November 28, 2011, Plaintiff Leroy Strayhorn, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical condition, in violation of the Eighth Amendment. Before the Court is Defendant Correctional Medical Services, Inc.'s ("CMS") motion to dismiss [Doc. #30], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Although ordered to do so, Plaintiff has not filed a response to this motion. For the reasons discussed below, I recommend that Defendant CMS's motion to dismiss be GRANTED.

## I.    BACKGROUND

Plaintiff alleges that on March 8, 2009, he experienced severe chest pains, difficulty breathing and arm and leg numbness. *Complaint* at ¶21. He alleges that nitroglycerin, which had been earlier prescribed by MDOC staff, did not alleviate his symptoms. *Id.* He was eventually taken by ambulance to a local hospital where it was confirmed that he had suffered a series of heart attacks. *Id.* at ¶31. He underwent immediate surgery (angioplasty), during which time it was discovered that he had two additional blocked arteries which would

require followup care by a cardiologist. *Id.* at ¶¶32-34. Plaintiff was released on March 12, 2009.

Plaintiff has sued a number of individuals who were involved in the 2009 cardiac situation. However, his claims against CMS relate to occurrences five years earlier, in 2004. At ¶ 16, Plaintiff states,

> "Plaintiff's records show that <u>prior</u> to his heart attacks, Defendants CMS and Pramstaller <u>denied</u> him cardiologist recommended procedure that would have discovered the problems and thus alleviated the pain and suffering plaintiff endured prior to his emergent heart attacks. (See plaintiff affidavit attached.)." (Emphasis in original).

The Plaintiff's affidavit (attached to complaint as Exhibit 1-2) states, at ¶ 3, that a Dr. Stallman submitted to CMS a request for an echo cardiogram and cardiac catheterization. At ¶ 4, he states that on *April 8, 2004*, Dr. Rocco De Massi denied a cardiologist request. At ¶ 5, he states that 5–subsequently, Dr. Pramstaller (Chief Medical Officer of MDOC) denied a cardiac procedure.

At ¶ 57, Plaintiff states that CMS and Pramstaller denied him necessary cardiac treatment.

Finally, in the "Legal Claims" section of the complaint (Sec. VII, ¶ 9), Plaintiff claims that all Defendants conspired to deny him proper medical treatment.

Defendant CMS seeks dismissal based on the absence of supervisory liability and the statute of limitations. CMS also contends that Plaintiff has not adequately stated a claim for conspiracy.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a

matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 127 S.Ct. at 555 (internal citations and punctuation omitted); *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.  First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

-3-

## III.  ANALYSIS

### A.    Statute of Limitations

The statute of limitations for a§ 1983 claim in that of the state in which the action was brought for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261 (1985). Because that period is three years under Michigan law M.C.L. § 600.5805(1), so too the statute of limitations for § 1983 claims brought in the Michigan federal courts is three years. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

In this complaint (which includes the Plaintiff's affidavit), the only factual allegations concerning CMS (and its employee, Dr. DeMassi) involve its alleged failure to authorize cardiac testing in April of 2004. This complaint was filed in November of 2011.    T h e complaint is time barred as to CMS, and should therefore be dismissed.

### B.    Supervisory Liability

. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.  1984). While *Monell* involved a municipality, its bar to *respondeat superior* liability applies to private corporations such as CMS. *See Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996).  "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. (Emphasis in original).  However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id* at 638.

-4-

This complaint does not allege or support any claim that Dr. DeMassi, the CMS physician who declined to authorize the cardiac testing in 2004, did so pursuant to any CMS policy, formal or informal. The *Monell* claim therefore cannot survive *Iqbal*, and must be dismissed.

## C.   Conspiracy

In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987), the Court stated the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." There must be something more than a defendant's personal belief that he is the victim of retaliation or conspiracy. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Likewise under *Iqbal*, any claim, including a conspiracy claim, must be pled with sufficient factual detail to support its plausibility.          Here, the conspiracy claim is purely conclusory, and Plaintiff has offered nothing beyond his own speculation in support of that claim. Dismissal is appropriate.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant CMS's motion to dismiss [Doc. #30] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to CMS.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  February 7, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 7, 2013.

| | |
|---|---|
| Leroy Strayhorn, #178167 | s/Johnetta M. Curry-Williams |
| Lakeland Correctional Facility | Case Manager |
| 141 1st St | |
| Coldwater, MI 49036-9687 | |

-6-