UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORN, #178167,

      Plaintiff,

                                            Case No. 11-15216
-vs-                                   District Judge Patrick J. Duggan
                                            Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, ET AL.,

      Defendants.

_____ /

**REPORT AND RECOMMENDATION**

      On November 28, 2011, Plaintiff Leroy Strayhorn, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical condition, in violation of the Eighth Amendment. Before the Court is Plaintiff's Motion for Summary Judgment Against Defendants Karen Sue Malicoat and Russell Malicoat [Doc. #38], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Plaintiff's motion be DENIED.

**I.   FACTS**

      Plaintiff alleges that on March 8, 2009, he experienced severe chest pains, difficulty breathing and arm and leg numbness. *Complaint* at ¶21. He alleges that nitroglycerin, which had been earlier prescribed by MDOC staff, did not alleviate his symptoms. *Id.* He was eventually taken by ambulance to a local hospital where it was confirmed that he had suffered a series of heart attacks. *Id.* at ¶31. He underwent immediate surgery (angioplasty), during which time it was discovered that he had two additional blocked arteries which would require followup care by a cardiologist. *Id.* at ¶¶32-34. Plaintiff was released on March 12, 2009.

Defendant Karen Malicoat was a Registered Nurse employed by the MDOC. *Id.* ¶7. Defendant Russell Malicoat was a Corrections Officer. *Id*. ¶ 8. Plaintiff alleges that on the night of March 8, 2009, Defendant R. Malicoat was summoned to his cell by Plaintiff's cell mate, after Plaintiff complained of severe chest pains and difficulty breathing. R. Malicoat told Plaintiff to "stop hyperventilating," and left Plaintiff lying on the cell floor. *Id.* ¶¶ 23-24. Ten minutes later, another Corrections Officer took Plaintiff to Health Services, where he was seen by Nurse K. Malicoat. Plaintiff alleges that although K. Malicoat was aware of his history of heart problems, and although he took a nitroglycerin pill in front of her, she merely told him to breathe into a paper bag and sit in the lobby. When Plaintiff protested that he needed further treatment, K. Malicoat threatened to place him in segregation, gave him two Tylenol tablets, and told him to return to his cell. *Id.* §§ 26-29.

In his motion, Plaintiff alleges that Defendant K. Malicoat's answer to the complaint contains a "self-serving blanket denial of Plaintiff's allegations," and has "declined to properly raise and argue any entitlement to relief under either Rule 12(b)(6) or Rule 56(c) and Rule 56(e)(2)(3)." *Plaintiff's Motion* [Doc.#38], §§ 8-9. He argues that his symptoms were so obvious that K. Maicoat's refusal to procure emergency treatment for his heart attack, resulting in a delay in treatment, amounted to deliberate indifference under the Eighth Amendment.

Attached to her response [Doc. #45] as Exhibit 1 is K. Malicoat's affidavit, which recounts her version of the events of March 8, 2009. She states that at 10:15 p.m., her husband, Corrections Officer R. and co-Defendant Malicoat, told her that he was sending Plaintiff to her. K. Malicoat asked the day nurse if she knew Plaintiff, and the day nurse responded that Plaintiff had recent knee surgery, but at the bedtime medical line he had no complaints. When Plaintiff entered the Health Care Unit, he gave K. Malicoat a letter

outlining his symptoms. (The letter is appended to Defendant's response as Exhibit 2). K. Malicoat states that she performed multiple assessments of Plaintiff, including taking vital signs and listening to his heart and lungs. She gave Plaintiff a paper bag to breathe in, but he declined to do so. Plaintiff's rapid breathing resolved while the thermometer was in his mouth. When she asked Plaintiff about his pain, he said that it was the same as he had indicated to the physician's assistant ("PA") two days earlier, and that the PA told him he had a degenerative spine condition of the neck. On further questioning about his medical history, Plaintiff said that he had angina. K. Malicoat asked if he needed nitroglycerin, but he declined, saying that he had taken three nitroglycerin tablets that day. K. Malicoat continued to ask Plaintiff questions about his pain, and he indicated that the PA had ordered Tylenol. She gave him a dose of Tylenol, and asked him to wait in the lobby. She states that Plaintiff "jumped off the exam table" and walked toward the lobby without complication. He did not lie down on the lobby floor. She subsequently assessed Plaintiff for a second time "and everything was normal." Plaintiff said that his pain was less, and that he thought he could sleep. K. Malicoat states that she did not contact the on-call physician or call an ambulance because Plaintiff's symptoms resolved and he denied cardiac pain. At 5:00 the following morning, she called Plaintiff's housing unit to check on his medical status and was told he was sleeping. She states that when she examined the Plaintiff, he did not have "classic symptoms" of a heart attack. She states that she never conspired with anyone, that she never threatened Plaintiff with placement in segregation, and that she "acted as a reasonably prudent nurse" under the circumstances. She states that based on the EMG report that she reviewed, indicating cervical radiculopathy, carpal tunnel and ulnar nerve entrapment, she assessed Plaintiff's pain as neurological in origin.

Nurse K. Malicoat states that she was not "severely disciplined," as Plaintiff alleges, but that as a result of this incident, she had 30 days taken from her vacation bank, and was given three hours of additional training.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703; *Farmer,* at 837.

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing

*Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

### A. Russell Malicoat

Defendant Russell Malicoat has not been served. Because the Court therefore does not have personal jurisdiction over him, Plaintiff's motion for summary judgment must be denied.

### B. Karen Malicoat

Plaintiff first argues that in responding to his complaint and asserting affirmative defenses, K. Malicoat has not proffered any detailed factual support or affidavits, instead relying on "self-serving denials." He cites *Estate of Carter v. City of Detroit*, 408 F.3d 305 (2005), for the proposition that this provides cause to grant him summary judgment. However, *Estate of Carter*, as well as the other cases Plaintiff cites, involve denials of *defendants'* motions for summary judgment. The factual pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), applicable to complaints, do not apply to answers to complaints or affirmative defenses. *See Hahn v. Best Recovery Services, LLC*, 2010 WL 4483375, *2 (E.D.Mich. 2010); *Swift v. City of Detroit*, 2012 WL 32683, *2 (E.D.Mich. 2012). Rather, in a summary judgment motion, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, *supra*, 477 U.S. at 323.

Moreover, Defendant K. Malicoat's answer to the complaint [Doc. #34], is in compliance with Fed.R.Civ.P. 8(b)(2) and (5). Rule 8(b)(2) provides that "[a] denial must fairly respond to the substance of the allegation." Rule 8(b)(5) provides that "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Defendant K. Malicoat's

responses fall into three general categories. First, she denies specific allegations "for the reason that they are untrue." *See, e.g.*, Answer, ¶ 7. Second, she "neither admits nor denies the allegations...for the reason that they have no application to this defendant but leaves the plaintiff to his strict proofs thereof." *See, e.g.*, *id*., ¶ 9. Third, she "neither admits nor denies the allegations...for lack of knowledge or sufficient information upon which to form a belief thereto and leaves the plaintiff to his strict proofs thereof." *See, e.g., id.*, ¶ 23. Defendant's answer is in no way defective under Rule 8(b).

Which brings us to the more salient issue of whether there are legitimate issues of triable fact, or whether Plaintiff is entitled to judgment as a matter of law. Defendant K. Malicoat states in her affidavit that she performed a medical assessment of the Plaintiff, including taking vital signs, listening to his heart and lungs, observing his movement, and asking questions about his medical history and the nature of his discomfort. This is not a situation where the Plaintiff received no medical attention whatsoever. There is a legitimate question as to whether Defendant's evaluation and treatment was professionally adequate, whether it amounted only to negligence or misdiagnosis, or whether it was deliberate indifference. *Estelle, supra; Westlake v. Lucas, supra*.

This is not to say that the *Defendant* would necessarily be entitled to summary judgment. Clearly, she received discipline following the incident, possibly indicating some level of malfeasance. But more importantly, deliberate indifference is not restricted to cases where there is a complete absence of care, and the fact that an inmate receives *some* level of medical attention does not preclude constitutional scrutiny of the quality of that care. But that assessment necessitates a factual inquiry, which would preclude either side from obtaining summary judgment. For example, in *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989), the issue was whether "decisions to remove [the prisoner] from medication and

to restore the medication without Lithium constituted deliberate indifference to [his] psychiatric condition." Affirming a denial of summary judgment, the Eleventh Circuit stated, "We cannot determine...whether [the doctor's] treatment constituted deliberate indifference to Waldrop's serious psychiatric needs because that treatment must be evaluated according to professional standards," and thus "there is a disputed issue of material fact regarding the quality of care...provided to [the prisoner]." *Id. Waldrop* relied in part on *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986), where the Court held that "[w]hether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question requiring exploration by expert witnesses."

In *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002), the Sixth Circuit relied on *Waldrop* in reversing a grant of summary judgment to the defendant:

> "The [*Waldrop*] court stated that the relevant inquiry as to whether the defendants provided grossly inadequate care was 'whether a reasonable doctor ... could have concluded his actions were lawful.' *Id.* at 1034. In *Waldrop,* the court affirmed the denial of defendants' motion for summary judgment in a § 1983 action *finding that a particularized, fact-specific inquiry was a necessity to the proper analysis of plaintiff's claim. Here, as in that case, the proper analysis of Terrance's claim requires a similar inquiry*." (Emphasis added).

The same reasoning compels a denial of summary judgment to the Plaintiff in this case. There are too many unresolved factual issues for Plaintiff to prevail as a matter of law.

Finally, the Plaintiff has offered nothing to rebut K. Malicoat's statement that she was not involved in any conspiracy to deny him health care.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Summary Judgment Against Defendants Karen Sue Malicoat and Russell Malicoat [Doc. #38] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: February 15, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 15, 2013.

Leroy Strayhorn, #178167
Lakeland Correctional Facility
141 1st St
Coldwater, MI 49036-9687

s/Johnetta M. Curry-Williams
Case Manager