UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORN,

    Plaintiff,

v.

    Case No. 11-15216
    Honorable Patrick J. Duggan

PATRICIA CARUSO, KAREN SUE
MALICOAT, R.N., DR. GEORGE
PRAMSTALLER, DR. ZAKIUDDIN A.
KHAN, CORRECTIONAL MEDICAL
SERVICES, PRISON HEALTH SERVICES,
INC., JOHN DOE, JANE DOE, and
RUSSELL MALICOAT,

    Defendants.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF FEBRUARY 15, 2013; (2) ADOPTING FEBRUARY 15, 2013 REPORT AND RECOMMENDATION; AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS KAREN SUE MALICOAT AND RUSSELL MALICOAT**

On November 28, 2011, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. On May 8, 2012, Plaintiff filed a motion for summary judgment with respect to his claims against Defendants Karen Sue Malicoat ("Nurse Malicoat") and Russell Malicoat ("Officer Malicoat"). This matter has been referred for all pretrial matters to Magistrate Judge R. Steven Whalen.

On February 15, 2013, Magistrate Judge Whalen issued a Report and Recommendation (R&R) in which he recommends that this Court deny Plaintiff's motion. (ECF No. 73.)  With respect to Officer Malicoat, Magistrate Judge Whalen indicates that he has not been served and thus the Court has not acquired personal jurisdiction over him. (*Id*. at 6.)  As to Nurse Malicoat, Magistrate Judge Whalen first rejects Plaintiff's claim that she did not properly respond to the Complaint.  (*Id*. at 6-7.)  Based on the affidavit Nurse Malicoat submitted in response to Plaintiff's motion, Magistrate Judge Whalen next finds that she demonstrates legitimate issues of fact precluding summary judgment in Plaintiff's favor.  (*Id*. at 7.)  Magistrate Judge Whalen points out, however, that this does not mean Nurse Malicoat would be entitled to summary judgment.  (*Id*.)

At the conclusion of his R&R, Magistrate Judge Whalen informs the parties that they must file any objections to the R&R within fourteen days.  (*Id*. at 9.)  On February 28, 2013, Plaintiff filed a motion seeking an additional forty-five days to file objections to the R&R.  (ECF No. 76.)   On March 8, 2013, before the Court ruled on his motion, it received Plaintiff's objections to the R&R.  (ECF No. 78.)  The Court is granting Plaintiff's motion to file his objections beyond the allotted period of fourteen days, but is denying as moot his request for more time to submit his filing.

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

Plaintiff's objections to the R&R are premised on his belief that only his version of the facts should be accepted in deciding whether Nurse Malicoat was deliberately indifferent to his serious medical needs. Nurse Malicoat, however, has responded to Plaintiff's motion with an affidavit in which she provides a very different version of the relevant facts. With limited exceptions not applicable here, a court on summary judgment does not choose which version of the facts to accept. *See Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1072 (6th Cir.1999) (stating that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986)). Thus the Court concurs with Magistrate Judge Whalen's recommendation that Plaintiff's motion for summary judgment should be denied and adopts his R&R.

Accordingly

**IT IS ORDERED**, that Plaintiff's motion for enlargement of time to respond to the Magistrate Judge's February 25, 2013 Report and Recommendation is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for summary judgment against Defendants Karen Sue Malicoat and Russell Malicoat is **DENIED**.

Date: March 22, 2013          s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Leroy Strayhorn, #178167
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

Counsel of Record

Magistrate Judge R. Steven Whalen