UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORNE,

        Plaintiff,

v.                                                                    Civil Case No. 11-15216
                                                                     Honorable Patrick J. Duggan

PATRICIA CARUSO, KAREN SUE
MALICOAT, R.N., DR. GEORGE
PRAMSTALLER, DR. ZAKIUDDIN A.
KHAN, CORRECTIONAL MEDICAL
SERVICES, PRISON HEALTH SERVICES,
INC., JOHN DOE, JANE DOE, and
RUSSELL MALICOAT,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS ZAKIUDDIN A. KHAN, M.D.'S AND CORIZON HEALTH, INC.'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING THEIR MOTION FOR HIPAA DISCLOSURE ORDER AND/OR QUALIFIED PROTECTIVE ORDER

On November 28, 2011, Plaintiff commenced this civil rights action

pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately

indifferent to his serious medical needs (i.e. a heart attack and related issues) in

violation of his Eighth Amendment rights.  Plaintiff, a Michigan Department of

Corrections ("MDOC") prisoner, initiated this action *pro se*; however, counsel was

appointed to represent him on October 15, 2013.  Remaining in the case as

defendants at this time are Registered Nurse Karen Sue Malicoat, Dr. Zakiuddin A. Khan, and Prison Health Services, Inc. (now known as Corizon Health, Inc.) (hereafter "Corizon") (collectively "Defendants").  The Court has referred the matter to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13.)

On October 30, 2013, Corizon and Dr. Khan filed a motion seeking an order allowing them to have *ex parte* communications with those medical providers who treated Plaintiff outside MDOC.  (ECF No. 126.)  Nurse Malicoat has joined in the request.  (ECF No. 127.)  On December 10, 2013, Magistrate Judge Whalen held a motion hearing, at which he denied Defendants' request on the record.  (ECF No. 141-3.)  An order was entered on the same date reflecting his decision.  Presently before this Court are Corizon's and Dr. Khan's objection to Magistrate Judge Whalen's decision.  (ECF No. 141.)  Plaintiff filed a response to the objection on January 6, 2014 (ECF No. 143); Corizon and Dr. Khan filed a reply brief on January 13, 2014.  For the reasons that follow, the Court rejects the objection and affirms Magistrate Judge Whalen's decision.

-2-

## Standard of Review

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the ruling is "clearly erroneous" or "contrary to law. " *Id.*  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985).  Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).

## Applicable Law and Analysis

Assertions of privilege in federal question cases, such as the present matter, are governed by federal common law and not state law.  Fed. R. Evid. 501; *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998).  Federal Rule of Evidence 501 provides, however, that federal common law does not govern a claim of privilege if the United States Constitution, a federal statute, or rules prescribed by the Supreme Court provide otherwise.  Fed. R. Evid. 501.  In the Health Insurance Portability

-3-

and Accountability Act of 1996 ("HIPAA"), Congress promulgated rules

governing the doctor-patient privilege in that it "ushered in a 'strong federal policy

in favor of protecting the privacy of patient medical records.' " *Thomas v.*

*1156729 Ontario Inc.*, – F. Supp. 2d – , 2013 WL 5785853, at *2 (E.D. Mich. Oct.

28, 2013) (quoting *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004)).

Pursuant to HIPAA, health care providers are prohibited from releasing a patient's

protected health information except under prescribed exceptions. *See* 42 U.S.C.

§ 1320d-6; 45 C.F.R. §§ 164.508, .512.

One exception relates to the disclosure of information for purposes of

judicial and administrative proceedings. 45 C.F.R. § 164.512. The regulations

provide:

> (1) Permitted disclosures. A covered entity may disclose protected
> health information in the course of any judicial or administrative
> proceeding:
>
> (i) In response to an order of a court or administrative tribunal,
> provided that the covered entity discloses only the protected health
> information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful
> process, that is not accompanied by an order of a court or
> administrative tribunal, if:
>
>> (A)   The covered entity receives satisfactory assurance, as
>>         described in paragraph (e)(1)(iii) of this section, from the
>>         party seeking the information that reasonable efforts have

-4-

2:11-cv-15216-SJM-RSW   Doc # 155   Filed 03/10/14   Pg 5 of 11   Pg ID 1566

> been made by such party to ensure that the individual
> who is the subject of the protected health information that
> has been requested has been given notice of the request;
> or
>
> (B)    The covered entity receives satisfactory assurance, as
> described in paragraph (e)(1)(iv) of this section, from the
> party seeking the information that reasonable efforts have
> been made by such party to secure a qualified protective
> order that meets the requirements of paragraph (e)(1)(v)
> of this section.

*Id*.  In short, this provision permits a health care provider to disclose protected

health information to comply with a court order or in response to a subpoena,

discovery request, or other lawful process if certain requirements are satisfied.  The

issue raised by Corizon's and Dr. Khan's motion is whether notice must be

provided to the individual whose information is protected before a health care

provider orally conveys information to the opposing party.  In other words,

whether a party can seek protected information through *ex parte* communications

with health care providers.

The parties recognize, and other courts have observed, that HIPAA neither

permits nor prohibits such *ex parte* communications.  *See, e.g., Bayne v. Provost*,

359 F. Supp. 2d 234, 240 (N.D.N.Y. 2005) (noting that "[a]bsent within the four

corners of the relevant rules and regulations and the enabling statute is any mention

of an *ex parte* interview of a health provider");  *Croskey v. BMW of N. Am.*, No.

-5-

02-73747, 2005 WL 4704767, at *4 (E.D. Mich. Nov. 10, 2005) (remarking that

"[t]he problem with [the regulation setting forth an exception to HIPAA's non-

disclosure requirement] is that it does not explicitly mention *ex parte* interviews");

*EEOC v. Boston Mkt. Corp.*, No. 04-4227, 2004 WL 3327265, at *5 (E.D.N.Y.

Dec. 16, 2004) (finding that HIPAA "does not expressly prohibit *ex parte*

communications with health providers for an adverse party, but neither does it

authorize such communications.").  Whether *ex parte* communications are

permitted is– as the parties here agree (*see, e.g.* ECF No. 143 at Pg ID 1453)–

within the discretion of the trial court pursuant to its broad authority to regulate

discovery.  *See Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 664 (6th Cir.

2010) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)

("The scope of discovery is ... within the broad discretion of the trial court.")).

Exercising that discretion, some courts have denied requests for orders permitting

*ex parte* interviews of health providers, while others have issued such orders.

*Compare, Piehl v. Saheta*, No. CCB-13-254, 2013 WL 2470128, at *3 (D. Md.

June 5, 2013) (concluding that "HIPAA's strong language suggests that exceptions

allowing *ex parte* communications for 'expressly authorized' information were not

intended to give one party an unlimited and uncontrolled opportunity to engage in

conversations with health care providers, regardless of the relevance of the

information found); *In re Vioxx Prods. Liab. Litig.*, 230 F.R.D. 470, 473 (E.D. La. 2005); *Boston Mkt. Corp.*, 2004 WL 3327264, at *5 (concluding that "ex parte communications regarding the disclosure of health information, while not expressly prohibited by HIPAA, create . . . too great a risk of running afoul of that statute's strong federal policy in favor of protecting the privacy of patient medical records); *with Thomas*, – F. Supp. 2d –, 2013 WL 5785853, at *4 (concluding that *ex parte* interviews should be allowed unless the person whose information is protected "shows a specific reason for restricting access to her or his treating physicians, such as sensitive medical history irrelevant to the lawsuit"); *Wade v. Vabnick-Wener*, 922 F. Supp. 2d 679, 690 (W.D. Tenn. 2010) (concluding that the exceptions to HIPAA's privacy rules allow for *ex parte* interviews with treating physicians after securing or attempting to secure a qualified protective order consistent with the regulations); *Shropshire v. Laidlaw Transit, Inc.*, No. 06-10682, 2006 WL 6323288, at **2-3 (E.D. Mich. Aug. 1, 2006).

Magistrate Judge Whalen denied Defendants' request for an order that would allow their counsel to conduct *ex parte* interviews with Plaintiff's medical providers.  In doing so, Magistrate Judge Whalen rejected Defendants' argument that it is unfair to allow Plaintiff to talk to those providers *ex parte* but not Defendants.  (ECF No. 141-3 at 21.)  The magistrate judge also referred to

Plaintiff's previous disadvantaged position in this litigation due to his *pro se* status, and found that he remains at a disadvantage because he is a prisoner and therefore cannot attend depositions and is limited in his ability to communicate with his lawyers. (*Id*. at 21-22.) Magistrate Judge Whalen next referred to "the opportunity . . . for a certain degree of mischief." (*Id*. at 22.) He then expressed concern regarding Plaintiff's ability to respond to an affidavit from one of his doctors "coming out of an *ex parte* interview." (*Id*. at 22-23.) Lastly, Magistrate Judge Whalen cited to the "underlying purpose of HIPAA . . .." (*Id*. at 23.)

Corizon and Dr. Khan first argue that Magistrate Judge Whalen's decision is contrary to the established law of this jurisdiction. (Obj. at 5-6.) They indicate that Plaintiff has cited no Sixth Circuit Court of Appeals or United States District Court for the Eastern District of Michigan decision denying a request for *ex parte* interviews of health professionals. Neither party, however, cited a Sixth Circuit decision addressing this issue; and this Court could not locate such a decision in its independent research. While Corizon and Dr. Khan did cite decisions by other judges in this District, those decisions are not binding authority here. *See Camreta v. Greene*, – U.S. – , 131 S. Ct. 2020, 2033 n. 7 (2011) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.02(1)(d) (3d ed. 2011) ("A decision of a federal district court judge is not binding precedent in either a different

judicial district, the same judicial district, or even upon the same judge in a different case")).  Those decisions represent persuasive authority only, similar to the decisions rendered by courts outside this District cited by Plaintiff.

Corizon and Dr. Khan next take issue with Magistrate Judge Whalen's reasoning that Plaintiff's inmate status, the chance for defense counsel "mischief[,]" and the difficulty of responding to an affidavit from one of Plaintiff's medical providers support the denial of their request for *ex parte* communications with those providers.  (Obj. at 10-12.)  This Court agrees with Corizon and Dr. Khan that Plaintiff's status as an inmate now that he is represented by counsel has no bearing on whether *ex parte* interviews should be allowed.  The Court is not certain from Magistrate Judge Whalen's brief oral ruling what he meant exactly when he referred to the possibility of mischief and the difficult of responding to affidavits "coming out of an *ex parte* interview."  However, to the extent the magistrate judge was concerned with the dissemination of information that HIPAA does not allow, his reasoning was not clearly erroneous.

As one district judge has noted, "[i]n enacting HIPAA, Congress recognized a societal interest in maximizing the protections afforded in the confidential physician-patient relationship, even where a patient's medical history is at issue in a court case."  *Piehl*, 2013 WL 2470128, at *2 (citing *Boston Mkt. Corp.*, 2004 WL

3327264, at *2). To protect that interest, HIPAA clearly states that only "expressly authorized" protected health information may be disclosed in judicial proceedings. *See* 45 C.F.R. § 164.512(e)(1)(i). Yet one cannot expect a medical provider to know what protected information is relevant to the plaintiff's claims and what information is not relevant; thus creating the risk that confidential information will be shared even where defense counsel has not intended to elicit such information. *See Piehl*, 2013 WL 2470128, at *2 (citing *Harlan v. Lewis*, 141 F.R.D. 107, 112 (E.D. Ark. 1992) ("The physician, largely unschooled in legal matters, cannot be expected to make the sometimes difficult determination of what matters are relevant to the plaintiff's claims. The participation of both parties' counsel in formal discovery will help to insure that these questions are resolved to the satisfaction of both parties."). Courts must strike a balance between a defendant's right to obtain health information relevant to a plaintiff's claims and HIPAA's "strong federal policy in favor of protecting the privacy of patient medical records[.]" *Thomas*, 2013 WL 5785853, at *2.

Magistrate Judge Whalen struck that balance by holding that Defendants can utilize formal discovery procedures to obtain relevant information from Plaintiff's medical providers. This Court therefore concludes that Magistrate Judge Whalen's holding was neither erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED**, that Defendants Zakiuddin A. Khan's and Corizon

Health, Inc.'s Objection to Magistrate Judge's Order Denying Their Motion for

HIPAA Disclosure Order and/or Qualified Protective Order is **REJECTED** and

Magistrate Jude Whalen's December 10, 2013 decision is **AFFIRMED**.

Dated: March 10, 2014                     s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Brian M. Schwartz, Esq.
M. Misbah Shahid, Esq.
Ronald W. Chapman, Esq.
Kimberley A. Koester, Esq.
Carly Van Thomme, Esq.
Daniel R. Shirey, Esq.
Edward J. Wloszek, III, Esq.

Magistrate Judge R. Steven Whalen