UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY STRAYHORN,

        Plaintiff,                                No. 11-15216

v.                                              District Judge Patrick J. Duggan
                                                     Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, ET AL.,

        Defendants.

                                         /

**ORDER**

      Before the Court is non-party Michigan Department of Corrections' ("MDOC's") motion to quash subpoena [Doc. #157]. The MDOC seeks to quash three subpoenas that Plaintiff served on March 21, 2014, to the MDOC, the Michigan Corrections Organization, and UAW 6000.  Because the subpoena served on the MDOC was untimely, the motion to quash will be GRANTED as to that subpoena. However, because the MDOC does not have standing to object to the subpoenas served on the other two non-parties, the motion to quash will be DENIED as to the subpoenas served on the Michigan Corrections Organization and UAW 6000.

      On August 16, 2013, the Plaintiff filed a motion to extend a discovery deadline that was to expire on September 5, 2013. Plaintiff sought a 120-day extension for discovery. Plaintiff commenced this action *pro se*, and *pro bono* counsel was later procured. Finding good cause for the extension pursuant to Fed.R.Civ.P. 6(b)(1)(A), I ordered that "[a]ll such discovery shall be completed by January 22, 2014." [Doc. #124]. Then, on January 15, 2014, I entered a stipulated order extending discovery to March 24, 2014 [Doc. #147].  The MDOC subpoena was issued three days before the close of

discovery, on March 21, 2014.

Under Fed.R.Civ.P. 45(c)(3)(A)(1), a court must quash or modify a subpoena that "fails to allow a reasonable time to comply." The return date on the MDOC subpoena was April 4, 2014. This date was after the close of discovery. The scheduling order of October 24, 2013 [Doc. #124], whose procedural strictures were incorporated into the stipulated extension of January 15, 2014 [Doc. #147], clearly stated that all discovery was to be *completed* by March 24, 2014. "[D]iscovery requests served less than 30 days prior to the discovery deadline are untimely." *Drahuse v. Federal Home Loan Mortgage Corp.*, 2011 WL 4088170, *2 (E.D. Mich. 2011). The point of that rule is that if the time to produce or object to the discovery is beyond the discovery cut-off date, the request is untimely. While I recognize that this was not a discovery request to a party who has 30 days to respond, the response time nevertheless fell outside the discovery deadline. MDOC subpoena was

The Plaintiff has been granted generous extensions of discovery, both when he was *pro se* and after counsel appeared on his behalf. The MDOC subpoena was untimely, and Plaintiff has not shown good cause for an extension. Therefore, it will be quashed.

However, the MDOC does not have standing to assert objections on behalf of unrelated non-parties Michigan Corrections Organization and UAW 6000.

Therefore, the motion to quash [Doc. #157] is GRANTED as to the subpoena served on the MDOC.

The motion is DENIED as to the subpoenas issued to the Michigan Corrections Organization and UAW 6000.

IT IS SO ORDERED.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 6, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager